PEOPLE v. DORTCH

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 1 October 27, 1970, at Grand Rapids. (Docket No. 9184.) Decided December 8, 1970.

Richardo Dortch was convicted, on his plea of guilty, of unauthorized taking and use of a motor vehicle without intent to steal. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Stuart L. Young,* for defendant on appeal.

Before: Fitzgerald, P. J., and Holbrook and T. M. Burns, JJ.

Per Curiam. The people move to affirm (GCR 1963, 817.5[3]) defendant's conviction, on plea of guilty, of unauthorized taking and use of a motor vehicle without intent to steal, contrary to MCLA § 750.414 (Stat Ann 1954 Rev § 28.646).

The offense was committed while defendant was on probation in another case. On appeal, defendant contends that the proceedings against him in this

case amounted to probation revocation proceedings and that he was denied due process because those proceedings were not conducted with the procedural safeguards contained in MCLA § 771.4 (Stat Ann 1954 Rev § 28.1134).

It is manifest that the question presented, on which decision of the cause depends, is so unsubstantial as to need no argument or formal submission. It is clear from the record that defendant's unauthorized taking and use of the automobile of another was treated as a separate criminal offense and not as a probation violation. Accordingly, defendant was not entitled to avail himself of the procedure set out in the statute for probation violation hearings. It is also clear from the record that the subject of defendant's being on probation at the time this offense was committed did not arise until sentencing and then, at the instance of defense counsel. The court's extended discussion of defendant's failure to report pursuant to the existing probation order was necessitated by counsel's suggestion that defendant be placed on probation.

Motion to affirm is granted.